Filed 10/2/20  P. v. Norton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM LEIALOHA NORTON,<br><br>    Defendant and Appellant. | C090916<br><br>(Super. Ct. No. 16F4413) |

Appointed counsel for defendant William Leialoha Norton has filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the judgment.

BACKGROUND

During a probation search conducted in June 2016, law enforcement found defendant in possession of an expandable baton, two knives, methamphetamine, baggies, and a scale.  The People charged defendant, in Shasta County Superior Court case

1

No. 16F4413, with possession of methamphetamine for sale (Health & Saf. Code, § 11378) and possession of a deadly weapon (Pen. Code, § 22210). Defendant pleaded no contest to possession of methamphetamine for sale. (Health & Saf. Code, § 11378.)

The trial court subsequently suspended imposition of sentence and placed defendant on three years' formal probation, with an order that defendant serve 210 days in county jail. The court also imposed various fines and fees.

During a probation search of defendant's living quarters in January 2019, law enforcement found a firearm and methamphetamine; defendant also gave law enforcement a false name. Accordingly, the People filed a petition with the trial court to revoke defendant's probation. The People separately charged defendant for the same conduct in Shasta County Superior Court case No. 19F441.[1]

On February 25, 2019, defendant pleaded no contest to being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)) and possession of methamphetamine with the intent to sell (Health & Saf. Code, § 11378). Defendant also admitted to being previously convicted of a felony, and that his conduct resulted in a violation of his probation in case No. 16F4413.

To resolve both cases, the People and defendant agreed defendant's sentence would be four years four months in state prison. Execution of that sentence, however, would be suspended and defendant would again be placed on formal probation. The trial court sentenced defendant in accordance with the stipulation.

In March 2019, defendant's grant of probation was revoked and reinstated with modified terms. Four months later, the probation department asked the court to issue a bench warrant for defendant because he failed to report to the probation department after his release from a mandated drug treatment program. Defendant admitted the violation.

---

[1]     The complaint in case No. 19F441 is not part of the record on appeal.

On November 7, 2019, the trial court terminated defendant's probation and executed the four-year four-month prison term previously suspended.[2]  The court affirmed the fines and fees previously ordered and lifted the previously imposed stay on the probation revocation fines for each case.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.  Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
BLEASE, Acting P. J.

We concur:

/s/
ROBIE, J.

/s/
MURRAY, J.

---

[2]     The trial court actually said it will "impose the previously suspended sentence." However, execution of the sentence was suspended previously, not its imposition.

3